IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DAVID ISAAC MAIMON, | ) | Civil No. 05-390-JO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| BRIAN BELLEQUE, Superintendent, Oregon | ) | |
| State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

David Isaac Maimon
Reg. No. 6211527
OREGON STATE PENITENTIARY
2605 State Street
Salem, OR 97310

   Petitioner Pro Se

Denis M. Vannier
OREGON DEPARTMENT OF JUSTICE
1162 Court Street N.E.
Salem, OR 97301-4096

   Attorney for Respondent

JONES, Judge:

Petitioner, an inmate at the Oregon State Penitentiary in Salem, Oregon, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the legality of a decision by the Oregon Board of Parole and Post-Prison Supervision (the "Board") deferring his release by 24 months.  For the reasons set forth below, the Petition (#1) for Writ of Habeas Corpus is DENIED.

<u>BACKGROUND</u>

In 1985, petitioner was convicted of Rape in the First Degree and Sexual Abuse in the First Degree in Multnomah County Circuit Court case number C83-09-344-70.  (Respondent's Exhibits to Answer (#24-#27) (hereafter "Resp't Ex.") at Ex. 113, p. 30.)  Petitioner was also convicted of Rape in the First Degree, four counts of Sodomy in the First Degree, and two counts of Sexual Abuse in the First Degree in Multnomah Circuit Court case number 83-08-33888.  (<u>Id.</u> at Ex. 113, p. 27.)  Petitioner committed these crimes in 1983.   Petitioner was sentenced to twenty years in each of the cases, with the minimum sentences fixed at ten years.  <u>Id.</u>  The sentences were to be served consecutively.  <u>Id.</u>

On September 19, 2001, the Board held a hearing to determine whether petitioner should be released on parole.  (<u>Id.</u> at Ex. 113, p. 432.)  The Board issued the following written conclusion:

> Based on the doctor's report and diagnosis, coupled with all the information that the board is considering, the board concludes that the inmate suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community. The board has considered this matter under the laws in effect at the time of the commitment offense(s).   The board defers release date for 24 months for a projected parole release date of 7/01/2003, for a total of 230 months.

Id.

Petitioner sought administrative review of the Board's decision.  (Id. at Ex. 113, p. 434.) Petitioner alleged violations of the United States Constitution's *Ex Post Facto* and Due Process Clauses.  (Id. at Ex. 113, p. 442-70.)  Specifically, petitioner claimed that the Board unlawfully postponed his parole release by relying on a statutory amendment that was not in effect at the time he committed his crimes, and by failing to adequately articulate its reason for postponing his parole release date.  Id.  The Board rejected these arguments and reaffirmed its decision on December 22, 2001.  (Id. at Ex. 113, p. 603.)

Petitioner then filed a petition in Marion County Circuit Court challenging the Board's decision.  Following a hearing, the habeas trial court granted the State's motion to dismiss.  (Id. at Ex. 120, p. 1.)  The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review on March 8, 2005.  Maimon v. Czerniak, 197 Or. App. 124, 107 P.3d 83, *rev. denied*, 338 Or. 301, 109 P.3d 375 (2005). Petitioner timely filed the instant petition on March 18, 2005.

## DISCUSSION

Petitioner claims that:  (1) the Board violated the prohibition against *ex post facto* punishment when it postponed petitioner's parole release date pursuant to a statutory amendment enacted after he was incarcerated; (2) the Board deprived petitioner of a vested right to parole, a cognizable liberty interest under the Due Process Clause of the Fourteenth Amendment; (3) the Board violated petitioner's Fourteenth Amendment right to due process when it based its decision on "some evidence" as opposed to "clear and convincing" evidence;(4) the Board unlawfully enhanced petitioner's prison term in violation of Apprendi v. New Jersey, 530 U.S.

3 - OPINION AND ORDER

466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004); and (5) he is entitled to the

equitable remedy of unconditional release from parole custody.  (Petition at 8, 36, 53, 66, 68).[1]

I.      <u>Exhaustion and Procedural Default</u>

As an initial matter, respondent asserts that petitioner did not fairly present his Ground

Four, <u>Apprendi</u>/<u>Blakely</u> claim anywhere in state court, and therefore petitioner is procedurally

barred from raising the claim in federal court. (Response to Petition for Writ of Habeas Corpus

(#22) (hereafter "Resp.") at 20.)  Petitioner did not respond to respondent's contention that this

claim is procedurally defaulted.

A.      <u>Standards</u>

Before a federal court will consider the merits of habeas corpus claims pursuant to

28 U.S.C. § 2254, a petitioner must exhaust his claims by fairly presenting them to the state's

highest court, either through a direct appeal or through collateral proceedings.  <u>Rose v. Lundy</u>,

455 U.S. 509, 519 (1982).  A petitioner is deemed to have "procedurally defaulted" his claim if

he failed to comply with a state procedural rule, or failed to raise the claim at the state level at

all.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991); <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451

(2000).

"When a state prisoner has defaulted his federal claims in state court pursuant to an

independent and adequate state procedural rule, federal habeas review is barred unless the

prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate

---

[1]I note that petitioner filed a Memorandum in Support of Petition for Writ of Habeas Corpus (#31) on June 6, 2006 , and Amended Memoranda (#37, #40, #43, #44) on June 29, 2006, July 20, 2006, August 29, 2006, and October 13, 2006.  I have reviewed these amended memoranda and find that they do not change the disposition of this case.

that the failure to consider the claims will result in a miscarriage of justice." <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-05 (9th Cir. 1993); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 338-39 (1992).  "'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991).

B.    <u>Analysis</u>

In his Ground Four claim, petitioner alleges that the Board unlawfully enhanced his prison term in violation of <u>Apprendi</u> and <u>Blakely</u>.  (Petition at 66.)  However, upon reviewing the record, I find that petitioner failed to raise his Ground Four claim anywhere in state court. Thus, he did not fairly present the issue to the state's highest court.  Moreover, petitioner has neither demonstrated cause and prejudice, nor demonstrated a fundamental miscarriage of justice sufficient to excuse the default.  Accordingly, petitioner is barred from bringing this defaulted claim in a federal habeas proceeding.[2]

II.    <u>The Merits</u>

Petitioner sets forth four remaining claims in his seventy-three page petition:  (1) that the Board violated his right to be free from *ex post facto* punishment when it relied on a version of Oregon Revised Statute ("O.R.S.") § 144.125(3) enacted after the commission of petitioner's crimes; (2) that the Board's decision to postpone his parole release date deprived him of a vested right to parole, which petitioner claims is a cognizable liberty interest under the due process clause of the Fourteenth Amendment; (3) that the Board applied an improper evidentiary

---

[2]Even if petitioner had properly raised his <u>Apprendi</u>/<u>Blakely</u> claim in state court, the claim would nonetheless fail on the merits because neither <u>Apprendi</u> nor <u>Blakely</u> apply retroactively to cases on collateral review.  *See* <u>Rees v. Hill</u>, 286 F.3d 1103, 1104 (9th Cir. 2004) (<u>Apprendi</u> does not apply retroactively to cases on collateral review); <u>Cook v. U.S.</u> 386 F.3d 949, 950 (9th Cir. 2004) (<u>Blakely</u> does not apply retroactively to cases on collateral review).

5 - OPINION AND ORDER

standard when it based its parole decision on "some evidence" rather than requiring "clear and convincing" evidence; and (4) the he is entitled to equitable relief.  (Petition at 8, 36, 53, 67.)

     A.    <u>Standard of Review</u>

     An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "AEDPA circumscribes a federal habeas court's review of a state-court decision."  <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1172 (2003).  A federal court's "independent consideration of the constitutional issue is neither relevant, nor necessary to dispose of the question presented."  <u>Clark v. Murphy</u>, 331 F.3d 1062, 1069 (9th Cir. 2003).  "'The only question that matters under § 2254(d)(1), . . . is whether or not the . . . state court's decision is contrary to or involved an unreasonable application of, clearly established Federal law."  <u>Id.</u> (quoting <u>Lockyer</u>, 123 S.Ct. at 1171).  The state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1041 (2003).

     A state court acts "contrary to" clearly established federal law if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts.  <u>Lockyer</u>, 123 S.Ct. at 1173; <u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002); <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13

6 - OPINION AND ORDER

(2000); Ramdass v. Angelone, 530 U.S. 156, 164-66 (2000). Only those Supreme Court

holdings in effect at the time the state court renders its decision constitute "clearly established

Federal law" under § 2254(d)(1). Lockyer, 123 S.Ct. at 1172; Clark, 331 F.3d at 1069.

A state court decision is an "unreasonable application of" clearly established federal law

if the court identifies the correct governing legal principle from Supreme Court decisions, but

unreasonably applies that principle to the facts of the prisoner's case or unreasonably refuses to

extend the governing legal principle. Lockyer, 123 S.Ct. at 1174-75; Williams, 529 U.S. at 412-

13; Ramdass, 530 U.S. at 166. Under this standard of review, a federal court may not issue a

writ of habeas corpus simply because it concludes in its independent judgment that the state

court applied clearly established federal law erroneously or incorrectly. Lockyer, 123 S.Ct. at

1175; Williams, 529 U.S. at 411. Rather, the state court decision must be "objectively

unreasonable." Id. at 1175 (citing Williams, 529 U.S. 409; Bell, 535 U.S. at 699; Woodford v.

Visciotti, 123 S.Ct. 357, 360 (2002) (per curiam)).

     B.    Analysis

         1.    Ground One - *Ex Post Facto*

Petitioner alleges that the Board erred by applying a revised version of O.R.S.

§ 144.125(3) rather than the version in effect in 1983 when petitioner committed his crimes.

(Petition at 8-9.) Specifically, petitioner claims that the 1983 version of O.R.S. § 144.125(3)

was more lenient than the amended version of the statute; thus, the Board's application of the

revised statute resulted in an *ex post facto* violation. Id. Although the Ninth Circuit has

previously found an *ex post facto* violation where the Board applied the revised version of

O.R.S. § 144.125(3) to a person imprisoned prior to the statutory revision, in this case, the Board

applied the correct version of the statute.

The *Ex Post Facto* Clause of Article I, Section 10 of the United States Constitution

prohibits states from enacting laws which, by retroactive operation, increase the punishment for

a crime after its commission. Garner v. Jones, 529 U.S. 224, 250 (2000). A law violates the

*Ex Post Facto* Clause if: (1) it "appl[ies] to events occurring before its enactment," Weaver v.

Graham, 450 U.S. 24, 29 (1982); and (2) "produces a sufficient risk of increasing the measure of

punishment attached to the covered crimes." Calif Dep't. of Corr. v. Morales, 514 U.S. 499, 504

(1995). The relevant inquiry in cases involving parole is whether the amended rule creates a

significant risk of prolonging a prisoner's incarceration. Garner, 529 U.S. at 251.

At the time of petitioner's crime, O.R.S. § 144.125(3) allowed the Board to postpone

parole in the following circumstances:

> If a psychiatric or psychological diagnosis of present severe emotional
> disturbance such as to constitute a danger to the health or safety of the community
> has been made with respect to the prisoner, the board may order the postponement
> of the scheduled parole release until a specified future date.

Or. Rev. Stat. § 144.125(3) (1983). In 1993, however, the Oregon legislature amended O.R.S.

§144.125(3), to read as follows:

> If the board finds the prisoner has a present severe emotional disturbance such as
> to constitute a danger to the health or safety of the community, the board may
> order the postponement of the scheduled parole release until a specified future
> date.

Or. Rev. Stat. § 144.125(3) (1999). Accordingly, petitioner argues that the Board applied the

revised version of the statute because the 1983 version allows the Board to postpone parole only

after a psychologist finds that the prisoner suffers from a present severe emotional disturbance. (Petition at 9.) I find this argument to be unpersuasive.

Even under the 1983 version of O.R.S. § 144.125(3), whether an inmate suffers from a present severe emotional disturbance is a legal conclusion, not a medical one. Weidner v. Armenakis, 154 Or. App. 12, 17, 959 P.2d 623 (1998) (en banc), *withdrawn* July 13, 1998, *reasoning readopted and aff'd* Merrill v. Johnson, 155 Or. App. 295, 964 P.2d 284 (1998) (opining that "the determination as to whether a prisoner suffers from a severe emotional disturbance . . . is a judgment that the legislature intended the Board to make"); *see also* Christensen v. Thompson, 176 Or. App. 54, 59-61, 31 P.2d 449 (2001) (finding psycholgist's opinion that inmate had "residuals" of personality disorder an insufficient "diagnosis" to support Board's decision to postpone petitioner's parole, but acknowledging that Board is responsible for making the "severe emotional disturbance" determination). Although a "psychiatric or psychological diagnosis is a prerequisite to the Board's consideration of whether the statutory criteria have been met," the Board considers both the psychological diagnosis and "other pertinent evidence in the record in exercising *its judgment* as to whether the prisoner's release should be deferred." Weidner, 154 Or. App. at 19-20 (emphasis added). In other words, the Board, not the psychologist, determines whether the inmate suffers from a present severe emotional disturbance, and, in doing so, it may consider factors beyond the diagnosis itself.[3]

---

[3]In the alternative, petitioner claims that the state court's interpretation of the 1983 version of O.R.S. § 144.125(3) in Weidner and Merrill amounts to a "judicial *ex post facto*" violation. (Petition at 38-39.) Petitioner bases his claim on Bouie v. Columbia, 378 U.S. 347 (1964), in which the Supreme Court noted that "unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law." Bouie, 378 U.S. at 353. Petitioner's reliance on Bouie is misplaced, however, because the Supreme Court later
                                                                    (continued...)

9 - OPINION AND ORDER

There is no evidence in the record to demonstrate that the Board retroactively applied the revised version of O.R.S. § 144.125(3).  In petitioner's parole board psychological evaluation, Dr. Shellman concluded that "[petitioner] gives every indication of working very hard to rehabilitate himself," but "he would be a danger to the community until he has received very intensive sex offender treatment in a controlled setting."  (Resp't Ex. 111, p. 3.)  Dr. Shellman diagnosed petitioner with "Atypical Paraphilia with Sadistic Features, by history," and "Antisocial Personality Disorder."  Id.  The Board, noting that it "applied the rules in effect at the time of the crime(s)," wrote, "Based on the doctor's report and diagnosis, coupled with all the information that the board is considering, the board concludes that the inmate suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community."  (Id. at Ex. 113, p. 432.)  Thus, Dr. Shellman made a diagnosis, as required, and the Board took into account the diagnosis and other factors in finding that petitioner suffered from a present severe emotional disturbance.  Accordingly, there is no evidence to demonstrate that the Board committed an *ex post facto* violation.

In Brown v. Palmateer, the Ninth Circuit held that a similar case constituted an *ex post facto* violation. 379 F.3d 1089 (9th Cir. 2004).  Nonetheless, the facts are distinguishable.  In Brown, the psychological report provided no "foundation for the Board's postponement of [petitioner's] parole release date" and no "diagnosis of any disorder--a prerequisite under the Oregon courts' interpretation of pre-1993 § 144.125(3)."  Id. at 1094.  Although the psychologist

---

<sup>3</sup>(...continued)
reasoned that the "decision in Bouie was rooted firmly in well established notions of due process . . . not in terms of the *ex post facto*-related dicta."  Rogers v. Tennessee, 532 U.S. 451, 459 (2001).  In addition, O.R.S. § 144.125(3) is not a criminal statute.  Accordingly, petitioner's judicial *ex post facto* claim lacks merit.

stated that the petitioner "exhibit[ed] signs of emotional disturbance," the psychologist failed to "diagnose [petitioner] with any disease or disorder." Id. at 1091. Thus, because there was no diagnosis, the Ninth Circuit concluded that "the Board retroactively applied the post-1993 version of the statute, employing a discretionary scope it did not possess under the statute in effect when [petitioner] committed his crimes." Id. at 1094-95. In this case, however, there is no *ex post facto* problem. Dr. Shellman made a diagnosis and, applying the pre-1993 version of O.R.S. § 144.125(3), the Board determined that petitioner suffered from a "present severe emotional disturbance" sufficient to postpone petitioner's release.

Because I find no evidence in the record to show that the Board applied an improper version of the statute, I will not review whether the board should have reached a different conclusion under the state statute. *See* Estelle v. McGuire, 502 U.S. 62, 67 (1991) (It is well settled that "'federal habeas corpus relief does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990) and citing Pulley v. Harris, 465 U.S. 37, 41 (1984)); *see also* Dubria v. Smith, 224 F.3d 995, 1001 (9th Cir. 2000); Campbell v. Blodgett, 997 F.2d 512, 522 (9th Cir. 1993); Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993); Hendricks v. Vasquez, 974 F.2d 1099, 1105 (9th Cir. 1992). Federal courts may adjudicate an inmate's writ of habeas corpus under 28 U.S.C. § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Estelle, 502 U.S. at 68. Here, the Board applied the proper version of the Oregon statute. Accordingly, the state courts' decisions denying petitioner habeas corpus relief were neither contrary to, nor an unreasonable application of, clearly established federal law, and petitioner is not entitled to relief on his *ex post facto* claim.

11 - OPINION AND ORDER

2.    <u>Ground Two - Due Process, Liberty Interest in Parole</u>

Petitioner next alleges that the Board violated his right to due process by deferring his parole release date.  (Petition at 36.)  Specifically, petitioner claims that O.R.S. §144.125(3) creates a cognizable liberty interest in parole under the Due Process Clause of the Fourteenth Amendment, and he was therefore deprived of a vested right to release when the Board deferred his release date.  <u>Id.</u>  To the extent petitioner argues that the Board's decision has violated his right to due process, I find the argument to be without merit.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979); <u>McQuillion v. Duncan</u>, 306 F.3d 895, 901 (9th Cir. 2002).  However, a state parole statute may create a presumption that parole release will be granted absent certain findings, and thereby give rise to a cognizable liberty interest protected by the Due Process Clause of the Fourteenth Amendment.  <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 381 (1987).  If a state parole statute creates such a presumption, parole cannot be denied without adequate procedural due process.  <u>Id.</u> at 378-381; *see also* <u>McQuillon</u>, 306 F.3d at 901-03.

In parole hearings, "the requirements of due process are satisfied if *some evidence* supports the decision by the [Board]."  <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985) (emphasis added).  "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the [Board]."  <u>Id.</u> at 455-56.  Although the evidence must "have some indicia of reliability," the standard is "minimally stringent."  <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir. 1987).

12 - OPINION AND ORDER

Under Oregon law, the Board is required to release an inmate on parole unless there is a valid reason to postpone parole.  Under the statute in effect when petitioner committed his crimes, the Board could postpone release "[i]f a psychiatric or psychological diagnosis of present severe emotional disturbance . . . has been made with respect to the prisoner." Or. Rev. Stat. § 144.125(3) (1983).  As noted above, the "determination as to whether a prisoner suffers from a severe emotional disturbance such as to constitute a danger to the health and safety of the community is a judgment that the legislature intended the Board to make." Weidner, 154 Or. App. at 19, 959 P.2d 623.  Thus, the relevant question is whether there is any support in the record for the Board's decision.

As discussed above, Dr. Shellman diagnosed petitioner with the following disorders:  (1) Atypical Paraphilia with Sadistic Features, by history; and (2) Antisocial Personality Disorder. (Resp't Ex. 111, p. 3.)  In addition, Dr. Nance, a psychologist hired by petitioner, diagnosed petitioner with the following:  (1) Posttraumatic Stress Disorder with obsessive-compulsive symptoms; (2) Paraphilia; and (3) Narcissistic Personality with antisocial characteristics.  (Id. at Ex. 113, p. 47.)  Considering these diagnoses and other factors beyond the diagnoses, the Board concluded that petitioner suffered from a "present severe emotional disturbance, " and posed a "danger to the health or safety of the community."  (Id. at Ex. 113, p. 432.)  The state habeas court upheld the Board's decision, finding that "there was sufficient information before the Board to support its finding that plaintiff suffered from a Present Severe Emotional Disturbance."  (Id. at Ex. 120, p. 1.)

I also find adequate support in the record to support the Board's decision to defer petitioner's parole release date.  The Board properly relied on the opinions of Drs. Shellman and

Nance, as well as other evidence in the record, to conclude that petitioner suffered from a present severe emotional disturbance. Accordingly, the state habeas court's decision denying petitioner's due process claim was not contrary to or an unreasonable application of clearly established federal law, and petitioner is not entitled to relief under § 2254.

        3.    <u>Ground Three - Due Process, Evidentiary Standard</u>

In addition, petitioner alleges that the Board violated his right to due process by failing to apply the "clear and convincing" evidentiary standard. (Petition at 53.) Specifically, petitioner argues that the Board's failure to apply the "clear and convincing" standard resulted in an unreasonable application of federal law because the Board decision "imposes the stigmatization of having a mental disorder and being dangerous" on petitioner. <u>Id.</u> I disagree.

In parole hearings, "the requirements of due process are satisfied if some evidence supports the decision by the [Board]." <u>Superintendant v. Hill</u>, 472 U.S. 445, 455 (1985). As noted above, there was sufficient evidence to support the Board's conclusion. Accordingly, the Board did not violate petitioner's right to due process.

Alternatively, petitioner posits that if the "some evidence" standard is upheld, the Board's decision lacked "some evidence" to support the Board's finding that petitioner suffered from a present severe emotional disturbance. (Petition at 53.) Again, I disagree. As discussed above, I find sufficient evidence in the record to support the Board's decision.

        4.    <u>Ground Five - Equitable Relief</u>

Finally, petitioner posits that he is entitled to the equitable remedy of "unconditional discharge from parole custody" because he was unlawfully confined in violation of his federal constitutional rights. (Petition at 68.) Because I find no underlying constitutional violation,

14 - OPINION AND ORDER

petitioner is not entitled to any remedy.  Accordingly, petitioner's request for immediate

discharge from parole is denied.

15 - OPINION AND ORDER

<u>CONCLUSION</u>

For the reasons set identified above, the Petition for Writ of Habeas Corpus (#1) is

DENIED, and this proceeding is DISMISSED, with prejudice.

DATED this 3rd day of January, 2007.


 /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge